**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUVENTINO CHAVEZ-MONDRAGON, | No. 12-70889 |
| Petitioner, | |
| v. | Agency No. A077-067-580 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Juventino Chavez-Mondragon, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision pretermitting Chavez-Mondragon's

application for cancellation of removal.  We have jurisdiction under 8 U.S.C.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence continuous-residence determinations, *see Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004), and review de novo questions of law, *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1159-60 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Chavez-Mondragon lacks the seven years of continuous residence after admission required for cancellation of removal because his second conviction for petty theft under California law constitutes a second crime involving moral turpitude that terminated his accrual of continuous residence before the seven years had elapsed. *See* 8 U.S.C. § 1229b(a)(2), (d)(1)(B); *see also Castillo-Cruz*, 581 F.3d at 1160 (recognizing petty theft under California law as a categorical crime involving moral turpitude). The petty-offense exception to inadmissibility is unavailable to excuse Chavez-Mondragon's multiple convictions for petty theft. *See Castillo-Cruz*, 581 F.3d at 1162 (observing that the petty-offense exception at 8 U.S.C. § 1182(a)(2)(A)(ii) is available only if the alien "has committed only one" crime involving moral turpitude).

Because Chavez-Mondragon's convictions rendered him statutorily ineligible for cancellation of removal, the agency did not need to consider whether his removal would cause exceptional and extremely unusual hardship to his

qualifying relatives. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW DENIED.**